IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ANTONE LAMANDINGO KNOX, | ) |
| | ) |
| *Petitioner,* | ) |
| | ) |
| v. | ) Case No. CIV-20-353 |
| | ) |
| TOMMY SHARP, | ) |
| | ) |
| *Respondent.* | ) |

**O R D E R**

Before the Court is the Report and Recommendation [Doc. No. 11] of United States Magistrate Judge Suzanne Mitchell, who attended to this matter pursuant to 28 U.S.C § 636(b)(1). Petitioner timely filed objections [Doc. No. 12].

Petitioner's objections prompted the Court to conduct a *de novo* review of the issues at hand. *See Colorado Bldg. & Constr. Trades Council v. B.B. Andersen Constr. Co.*, 879 F.2d 809, 810–11 (10th Cir. 1989). In addition to recounting his history with the Court on other pending cases, Petitioner's objections amount to excuses for why the filing fee has not been paid. Yet, the filing fee for this case is not yet due. The Report simply concludes Petitioner has enough funds to make the payment. No purpose would be served by setting out any further analysis on this issue here.

Petitioner, in his objections, reminds the Court of previous difficulties he has encountered in paying his filing fees. Nevertheless, "[t]he Court is not required to facilitate [Petitioner's] payment of the initial partial filing fee [] as [Petitioner] is capable of obtaining a disbursement of funds from his institutional draw account and/or mandatory

1

savings account in order to pay the ordered amount for the action to proceed." *Perry v. Geo Grp., Inc.,* No. CIV-12-895-R, 2012 WL 5305076, at *1 (W.D. Okla. Oct. 15, 2012); *see* OKLA. STAT. tit. 57 § 549(5) (stating that "[f]unds from [inmates' mandatory savings accounts] may be used by the inmate for fees or costs in filing a civil or criminal action"); *see also Pack v. Kaiser,* 991 F.2d 805 (10th Cir. 1993) (recognizing Oklahoma law allows inmates to utilize funds in their mandatory savings accounts to pay court-required filing fees and "prisoners may be required to utilize funds in prison accounts in order to initiate litigation").

Petitioner is encouraged to "carefully review prison regulations to assure that he submits the proper documents to seek payment of the filing fee." *Harper v. Patton*, No. CIV-14- 0563-HE, 2014 WL 4967132, at *1 (W.D. Okla. Oct. 2, 2014). The Court takes seriously all claims that Petitioner's funds are being illegally withheld. As such, the Court extends the deadline within which Petitioner must pay his filing fee, from May 15, 2020—as contemplated by the Report—to June 1, 2020. The Court hereby ADOPTS the Report and Recommendation [Doc. No. 11] in part.

IT IS THEREFORE ORDERED that Petitioner's Application [Doc. No. 10] to proceed without payment is DENIED. Petitioner's filing fee is due on or before June 1, 2020.

IT IS FURTHER ORDERED that the Clerk of Court send a copy of this Order to Petitioner's custodian and the trust fund officer at Petitioner's institution. The agency having custody of Petitioner is directed to release funds from Petitioner's accounts, including Petitioner's trust account, for payment of the filing fee. The Court encourages

the appropriate officials to comply with Petitioner's requests for assistance in disbursing the necessary funds.

    **IT IS SO ORDERED** this 4th day of May, 2020.

_____
TIMOTHY D. DeGIUSTI
Chief United States District Judge