IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ANTONE LAMANDINGO KNOX, | ) |
| | ) |
| *Petitioner,* | ) |
| v. | ) Case No. CIV-20-353-D |
| | ) |
| TOMMY SHARP, | ) |
| | ) |
| *Respondent.* | ) |

**O R D E R**

Petitioner, a state prisoner appearing pro se, brings this action pursuant to 28 U.S.C. § 2254. In accordance with 28 U.S.C. § 636(b)(1)(B), the matter was referred to United States Magistrate Suzanne Mitchell for initial proceedings. In a Report and Recommendation [Doc. No. 18] issued on July 2, 2020, the Magistrate Judge recommended transfer of this matter to the United States District Court for the Eastern District of Oklahoma. The Magistrate Judge determined the Court is without jurisdiction to consider the petition.

The Magistrate Judge specifically advised Petitioner of his right to object to the findings and recommendations set forth therein. She further advised Petitioner that his failure to timely object would constitute a waiver of his right to appellate review of the factual and legal matters in the Report and Recommendation. Petitioner's deadline for filing objections was July 23, 2020.  Petitioner has not filed an objection.

On July 9, 2020, prior to the objection deadline, Petitioner filed a Motion [Doc. No. 19]. In that Motion, Petitioner requests that he be allowed to withdraw his habeas petition without prejudice.

The Court construes Petitioner's Motion as a notice of voluntary dismissal pursuant to Rule 41(a)(1) of the Federal Rules of Civil Procedure. *See Clark v. Tansy*, 13 F.3d 1407, 1411 (10th Cir.1993) (applying Rule 41 to habeas actions).

Where, as here, the notice of voluntary dismissal is filed before "service by the adverse party of an answer or of a motion for summary judgment," Rule 41(a)(1)(A)(i) confers upon a plaintiff the "absolute right to dismiss without prejudice and no action is required on the part of the court." *Janssen v. Harris*, 321 F.3d 998, 1000 (10th Cir.2003). "Once the notice of dismissal has been filed, the district court loses jurisdiction over the dismissed claims and may not address the merits or issue further orders pertaining to them." *Id*. (quoting *Duke Energy Trading & Mktg., L.L.C. v. Davis*, 267 F.3d 1042, 1049 (9th Cir. 2001)).

Based on the foregoing, the Court DECLINES the Report and Recommendation as moot. The action is DISMISSED without prejudice to refiling.

IT IS SO ORDERED this 28th day of July, 2020.

_____
TIMOTHY D. DeGIUSTI
Chief United States District Judge